PEOPLE, PLAINTIFF AND APPELLEE, v. GRAU,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution
for Violation of Section 93 of the Penal Code.

No. 1647.—Decided June 21, 1921.

PUBLIC EMPLOYEES.—The act of a sanitation inspector in ordering the closing of
an establishment without having authority to do so does not constitute the
crime defined and penalized by section 93 of the Penal Code.

The facts are stated in the opinion.

*Mr. José R. Aponte* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Rafael Grau was charged with and convicted of a viola-
tion of section 93 of the Penal Code. The pertinent part of
the information is as follows:

"That in Morovis, which forms part of the municipal judicial
district of Ciales, of the Judicial District of Arecibo, P. R., on May
10, 1920, between 10 and 11 a. m., then and there the said Rafael
Grau wilfully and criminally, taking advantage of being a Sanitation
Inspector of the Municipality of Morovis and without complying with
the requirements of the Sanitation Law in that connection and with-
out having orders from the Insular Department of Sanitation, closed
a tobacco-stripping establishment belonging to Angel M. Quintero,
thus knowingly violating the provisions of the Sanitation Law and
the Regulations regarding the closing of establishment."

Section 93 of the Penal Code is as follows:

"Every person holding a public office, who wilfully refuses or
neglects to perform the duties thereof, or who violates any provision
of law relating to his duties or the duties of his office, for which
some other punishment is not prescribed, is punishable by fine not
exceeding five thousand (5,000) dollars, or imprisonment in jail not
exceeding one year or both."

The judgment appealed from is as follows:

"And the court on this day, the defendant being present, and
considering the evidence examined, finds the said Rafael Grau guilty

of a violation of the second portion of section 93 of the Penal Code
in that he violated a provision of law regarding his duties, that is,
sections 1 and 28 of Sanitary Regulations No. 14 of January 28, 1913,
and consequently sentences the said defendant Rafael Grau to pay
a fine of thirty dollars or to imprisonment for one day in the district
jail for each dollar not paid and to pay the costs of this prosecu-
tion; and in accordance with the provisions of section 24 of the Penal
Code it is also ordered that the said Rafael Grau be removed from
the office of Sanitation Inspector of the Municipality of Morovis
which he has been occupying, and this judgment when final shall be
communicated to the Municipal Commissioner of Sanitation of Mo-
rovis for his information.''

A statement of the case is included in the record. Ac-
cording to it Angel María Quintero testified that he was the
owner of a tobacco-stripping establishment; that the defend-
ant went there and observing some sanitary defects ordered
him to close the establishment, putting outside a sign to that
effect, but that as the witness had moist tobacco in the place
he so informed the defendant and the police and did not close
the establishment.

Dr. Ruíz Soler, Insular Commissioner of Health, said that
a local sanitation inspector can not, without a written order
from the Department, close any building, and that in this
case he gave no such order.

Doctor Graulau, Sanitation Commissioner of Morovis,
said that Quintero had the tobacco-stripping establishment
open by virtue of a provisional permit which the witness
gave him.

Insular policeman Gallardo said, among other things:

''I was there at the stripping establishment because of a strike
of the strippers and while there in the factory Sanitation Inspector
Grau came and said that he was going to inspect the shop and he
was there observing its defects and informed Quintero of those he
found, telling him that the shop was closed, whereupon Quintero
asked him to give him the order in writing and he said that he
would do so in the town because at that moment he lacked something
or other. Then Quintero said that he would not close, but would

continue working, and so he continued working and we came back to town.''

It appears, then, that the act committed by the defendant in his capacity as local sanitation inspector consists in his having ordered the closing of a certain establishment without authority to do so, his order not having been obeyed.

Does this action constitute an offense as defined and penalized by section 93 of the Penal Code?

The inspector did not obstinately refuse or neglect to perform the duties of his office; but it is alleged by the *Fiscal* of this court that he violated certain provisions of law in connection with his office and therefore committed the offense of which he was convicted. The *Fiscal* argues as follows:

"It is clear that section 93 must be construed in connection with the authority which the local sanitation inspector had at that moment in order to ascertain whether he violated any provision of law in relation to his office, as provided by the statute."

The *Fiscal* quotes section 30 of the Act of March 14, 1912, to reorganize the sanitation service, and sections 1 and 21 of Sanitary Regulations No. 14, and then goes on to say:

"Therefore, in accordance with the law as well as with the regulations cited, the sole authority or obligation of the local sanitation inspector was to enter Quintero's establishment for the purpose of determining the sanitary defects existing therein, but it appears nowhere in the law or in the regulations that he had any authority to order the closing of the establishment, as he did on the date to which the complaint refers, which fact, we think, was well known to the inspector inasmuch as it is to be presumed that he knew the duties of his office.

"The only question that might be raised in this case is that section 93 of the Penal Code refers to the violation of any provision of law relative to his duties or the duties of his office, and inasmuch as what the sanitation inspector did in this case was to exceed his authority, taking upon himself the authority of another officer, it is clear that at first sight it would seem that he did not violate any law in connection with his office, but rather that he assumed other

duties which did not belong to him and therefore did not violate section 93 as charged. But against this it may be also argued that inasmuch as the said officer had his duties defined in the case in question, if he went beyond them and overstepped his authority in order to assume the authority of another officer, it is clear that he violated the provisions of law relating to his office, for such assumption of authority can be considered nothing but a violation of the authority conferred upon him by law by reason of his office."

The *Fiscal's* argument is not without reason, but in our opinion it can not be admitted as decisive. To bring the act charged and proved within the meaning of section 93 of the code would require forced construction. The law would have to be applied by expansion and this course should not be followed in criminal cases, particularly under statutes which, like section 93 of the Code, are so broad that perhaps some literal violations of them could not be penalized, as said in the case of *People* v. *Rivera,* 25 P. R. R. 569.

The parties have not cited, nor have we been able to find, any precedents for said section 93, or jurisprudence applicable.

By virtue of the foregoing we are of the opinion that the judgment appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.